**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: | In Proceedings |
| | Under Chapter 13 |
| RUTH GANAWAY, | |
| | Case No. 09-33038 |
| Debtor(s). | |

OPINION

This matter came before the Court for hearing on the objection to confirmation filed by creditor Gregory Streeter. The parties appeared by their respective counsel and the chapter 13 trustee also appeared. The Court having reviewed the parties' briefs and having considered the evidence and testimony presented at the hearing, as well as the arguments of counsel, now makes the following findings of fact and conclusions of law.

Ruth Ganaway filed a chapter 13 petition on November 17, 2009. On schedule I, debtor indicates that she earns no salary or wages and that she receives "other monthly income" of $1,901.00 per month from "Jerry Wheeler's Social Security Benefits." Jerry Wheeler is debtor's ex-husband. Debtor testified that she also receives, on a seasonal basis, income derived from harvesting hay on her real estate.

Creditor Gregory Streeter filed a claim in the amount of $51,000.00. The claim is secured by a judgment lien against the debtor's principal residence at 1822 Trapper Avenue, Mulberry Grove, Illinois ("the property"). In her chapter 13 plan, debtor proposes to pay Gregory Streeter (hereinafter "creditor") the amount of $17,191.36 on his secured claim. Creditor objects that the value of the property, less other prior liens, exceeds the amount of his

1

claim and therefore, the plan does not comply with the requirements of 11 U.S.C. § 1325(a)(5).[1] Creditor further objects that because the debtor has no regular income and instead relies solely on her ex-husband's social security payments to fund her plan, she is not eligible to be a debtor under chapter 13.  Even assuming that debtor may rely on the social security payments to fund her plan, creditor argues that those funds are insufficient to satisfy the debtor's ongoing monthly expenses and other obligations and accordingly, the plan is not feasible.

At the hearing on the creditor's objection, counsel for debtor proffered the testimony of appraiser Charles Soroka.  Mr. Soroka also provided additional testimony under oath.  According to counsel's proffer, the value of debtor's property is $73,300.00.  Counsel for creditor had no objection to the proffer.  Based on the evidence submitted and the testimony given, the Court finds that the value of the property is $73,300.00.

Section 109(e) of the Bankruptcy Code defines who may be a debtor under chapter 13 and provides, in relevant part, that "[o]nly an individual with regular income … may be a debtor under chapter 13 of this title."  11 U.S.C. § 109(e).  An "individual with regular income" means "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title, other than a stockbroker or a commodity broker."  11 U.S.C. § 101(30).

If the source of debtor's income is from someone other than a non-filing spouse with a duty of support, "[t]he debtor will need evidence that the source of the contribution is stable and that the amount is significant, regular, and likely to continue for the life of the plan."  *In re Brock*, 365 B.R. 201, 209 (Bankr. D. Ks. 2007) (citing Hon. Keith M. Lundin, *Chapter 13*

---

[1] Section 1325(a)(5) directs the Court to confirm a plan if, with respect to allowed secured claims, the plan provides that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim…."  11 U.S.C. § 1325(a)(5)(B)(ii).

*Bankruptcy*, 3d Ed., § 9.10, p. 9-23 (2000 & Supp. 2004)). "It is not the type or source of income, but rather its regularity and stability." *In re Pellegrino*, 423 B.R. 586, 590 (BAP 1st Cir. 2010) (citations omitted). Contributions from third parties may satisfy the regular income requirement if the party making the contributions has demonstrated a "willingness and ability to do so." *Id*. (citations omitted).

In the instant case, debtor testified that she was married to Jerry Wheeler for thirty years. Approximately five years after their divorce, debtor agreed that Mr. Wheeler, who suffers from Parkinson's disease, could live with her and she would take care of him in exchange for Mr. Wheeler paying debtor his social security disability benefits every month as rent. Debtor testified that this was a mutual arrangement which has lasted for eight years and that Jerry Wheeler, without fail, has regularly turned over his social security payments to her every month.[2] There was no evidence or testimony to the contrary.

The debtor's testimony clearly establishes that Mr. Wheeler has consistently paid his social security benefits to the debtor for eight years as a form of rent, and that he has the ability and willingness to continue doing so. Based on this testimony, and on the facts presented, the Court finds that the debtor has regular income and is therefore eligible to be a chapter 13 debtor under 11 U.S.C. § 109(e).

The creditor also objected that the debtor has insufficient funds to make the plan payments and therefore, the plan is not feasible. At the hearing on this matter, however, the chapter 13 trustee advised the Court that debtor has been making her payments consistently and that she is current in her payments. The debtor also testified that her expenses listed on schedule

---

[2] Debtor's counsel offered to call Jerry Wheeler as a witness, but counsel for the creditor stipulated that Mr. Wheeler's testimony would corroborate the debtor's testimony.

J were estimates and that she "made do" each month with what she had. Thus, the Court finds that debtor has sufficient funds to make her plan payments.

Accordingly for the reasons stated, the objection to confirmation filed by creditor Gregory Streeter is OVERRULED.

See Order entered this date.

ENTERED: August 10, 2010

/s/ Laura K. Grandy
———————————————
UNITED STATES BANKRUPTCY JUDGE